IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| LAWRENCE COOPER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HOWARD COOPER and EXCELLENCE IN DENTISTRY, LTD.,<br><br>　　　　　　　Defendants. | Case No. 1:19-cv-6855<br><br>Judge Charles R. Norgle |

## ORDER

Defendants' partial motion to dismiss for lack of subject-matter jurisdiction [35] is denied. Defendants' motion to stay or limit discovery [36] is therefore denied. Plaintiff's motion to compel [42] is granted in part and denied in part. Defendant Howard Cooper's deposition must take place no later than 60 days after this Order is entered, to be scheduled by the parties. Fact discovery will close 28 days after Defendant Howard Cooper's deposition takes place. A final pre-trial order, with jury instructions, is due on or before October 18, 2021, with a trial date to be set later. However, this Order does not bar the timely filing of any motion for summary judgment.

## STATEMENT

Plaintiff Dr. Lawrence Cooper ("Larry") brings this suit against his son, Dr. Howard Cooper ("Defendant" or "Howard"), and a company solely owned by his son, Excellence in Dentistry, Ltd. (collectively, "Defendants"), alleging that Howard breached his contract with Larry by not remitting to Larry half of the proceeds from Howard's 2019 sale of a dental practice that formerly belonged to Larry. Specifically, Larry asserts that he sold his dental practice to his son in 2010 for $180,000—far less than its market value of approximately $2 million—but was concerned that Howard might "flip" the practice to another buyer and keep a windfall profit. Allegedly to ensure against this, the parties included Section "XX. Subsequent Sale of Dental Practice" in the Asset Purchase Agreement, which reads, "In the event that [Howard] sells or merges the dental practice or sells the assets separately where the assets sold are not replaced with an asset of equal value prior to January 2, 2024, [Larry] shall be entitled to receive fifty (50%) percent of the net sale price." Dkt. 30 ¶ 24. Larry argues that Howard sold the practice in 2019 to Zieba Dentistry Gurnee, Ltd. ("Zieba") for approximately $2.4 million, but never paid him 50% of the sale proceeds pursuant to their 2010 contract.[1]

---

[1] Larry also asserts that Howard breached their contract by failing to pay premiums on Larry's life insurance policies and failing to pay taxes owed by the dental practice. Larry brings claims of fraud (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and unjust enrichment (Count IV).

1

Howard now moves to dismiss the complaint in part pursuant to Rule 12(b)(1) for lack of standing and ripeness. The argument rests on Howard's interpretation of the relevant contract provision; for Defendants, the plain language of the above-referenced provision in the contract means that, if Howard sells the assets separately, as opposed to all at once, then Howard only owes Larry 50% of the sale price if, by January 2, 2024, the "assets sold are not replaced with an asset of equal value[.]" Dkt. 30 ¶ 24. Howard asserts that the 2019 sale to Zieba was a sale of assets separately, and argues that he therefore does not and will not owe Larry half of the proceeds until January 3, 2024, and will only owe Larry at that time if he does not replace those assets with ones of equal value. Accordingly, Defendants say that Larry lacks standing and the claim is not ripe.

However, as Larry argues, Defendants' standing argument asks the Court to reach the merits of the contract interpretation question, which would be improper at this stage. Standing "describe[s] different things in the law. It can describe whether a party has a right to sue under a contract. That concept of standing, which as the Supreme Court has explained is really an issue of contract interpretation that goes to the merits of a claim, is entirely distinct from standing for purposes of Article III." Cotton v. Certain Underwriters at Lloyd's of London, 831 F.3d 592, 594 (5th Cir. 2016) (internal citations and quotations omitted). Whether or not Howard is required to pay Larry constitutes a case or controversy within the meaning of Article III of the Constitution.

Even if the Court were to treat the motion as a Rule 12(b)(6) motion, Larry makes a non-frivolous argument that the contract should be interpreted to mean that he should receive 50% of sale proceeds if, before January 2, 2024, Howard either (1) sells the practice or (2) sells any assets without replacing them with assets of equal value. Accepting his factual allegations and contract interpretation as true, as the Court must at this stage of litigation,[2] Larry's claims clearly establish Article III standing and ripeness because assets allegedly worth over $2 million were sold by Howard to Zieba in 2019 without any payment to Larry.[3]

For the foregoing reasons, the motion to dismiss is denied. Because the litigation will therefore proceed, the motion to stay discovery is also denied.

Larry's motion to compel is granted in part and denied in part. The Court compels Defendant Howard Cooper to sit for a deposition no later than 60 days after this Order is entered, to be scheduled by the parties. Larry noticed Howard's deposition in November and again in January, and Larry is entitled to take the deposition "upon reasonable written notice" and without leave of the Court. Fed. R. Civ. P. 30(a)(1), 30(b)(1); Owens v. Balow, No. 15-CV-489-BBC, 2016 WL 1611391, at *1 (W.D. Wis. Apr. 21, 2016). At this point, an additional 60 days is plenty of time for the parties to schedule the deposition.

Larry argues that the Court must sanction Howard for the delay. "The court where the action is pending may . . . order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A). While the Court agrees that the deposition has been delayed, the Court finds that the delay does not rise to a sanctionable level at this time, especially because Howard has responded to requests for documents and interrogatories. See Fed. R. Civ. P. 37(d)(3) ("Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses . . .

---

[2] See St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) ("When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."); Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011) (applying same standard in the 12(b)(6) context).

[3] Plaintiff also argues that Defendant's interpretation should be rejected as clearly contrary to the intent of the parties. The Court need not address the argument now.

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

      Larry also asks that the Court set the close of fact discovery for two weeks after the deadline by which Howard must sit for a deposition, but the Court finds this too accelerated. The Court instead sets the close of fact discovery at 28 days after Defendant Howard Cooper's deposition takes place.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 16, 2020

3