UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dr. Lawrence Cooper, DDS,

        *Plaintiff*,

    v.

Dr. Howard I. Cooper and
Excellence in Dentistry, Ltd.,

        *Defendants*.

No. 19 CV 6855

Judge Charles R. Norgle

## <u>FINAL PRETRIAL ORDER</u>

This matter having come before the court at a pretrial conference held pursuant to Federal Rule of Civil Procedure 16, and Paul H. Tzur and Andrew H. Schrag (Blank Rome LLP, 444 W. Lake Street Suite 1650, Chicago IL 60606; paul.tzur@blankrome.com and andy.schrag@blankrome.com; 312-776-2600) having appeared as counsel for plaintiff Dr. Lawrence Cooper, DDS ("Plaintiff" or "Larry") and Glenn L. Udell and Shelley Smith (Brown, Udell, Pomerantz & Delrahim, Ltd., 225 W. Illinois Street, Suite 300, Chicago IL 60654; gudell@bupdlaw.com and ssmith@bupdlaw.com; 312-475-9900) having appeared as counsel for defendants Dr. Howard I. Cooper ("Howard") and Excellence in Dentistry, Ltd. ("Excellence in Dentistry" and, together with Howard, "Defendants"), the following actions were taken:

(1)    This is an action for fraud and breach of contract. As alleged in the Amended Complaint, Plaintiff Larry Cooper entered into an Asset Purchase Agreement with Defendant Dr. Howard I. Cooper (his son) in 2010 by which

Plaintiff sold his dental practice to Defendant. Plaintiff asserts that Defendant defrauded Plaintiff and breached the terms of the Asset Purchase Agreement and implied covenant of good faith and fair dealing, or in the alternative that Defendants were unjustly enriched. Dkt. 30 at 9-13. Defendants deny these claims and asserted affirmative defenses. Dkt. 32. Howard denies he owes anything to Larry since he has the option of replacing the assets by January 2, 2024, and because the assets he purchased in 2010 were transferred to his corporation in 2011. Howard alleges that even if Larry is entitled to payment, he is only entitled to payment based on the value of the assets at the time he sold them to Howard. This Court's jurisdiction is not disputed.

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order:

  a.     Attached as Schedule A, a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party).

  b.     A short, agreed description of the case to be read to prospective jurors: The Plaintiff Dr. Lawrence Cooper is a dentist who has filed a four-count complaint against Defendant Dr. Howard Cooper, his son, who is also a dentist, and Excellence in Dentistry, Ltd., Howard's dental practice. Plaintiff has asserted four counts against Defendants, for fraud, breach of contract, breach of an implied covenant of good faith

and, alternatively, unjust enrichment. These counts arise from Plaintiff's sale of his dental practice to his son in a contract signed in 2010. Plaintiff alleges that under this contract, Defendants were required to pay him 50% of the net sale price when Defendants sold their dental practice in 2019. Defendants have denied all Plaintiffs allegations.

c.    Attached as Schedule B, except for rebuttal exhibits, schedules of (i) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence; and (ii) any demonstrative evidence and experiments to be offered during trial.

d.    Plaintiff plans to call the following witnesses at trial:

| Witness | Objection by Defendants |
|---|---|
| Dr. Lawrence Cooper | |
| Dr. Mark Zieba<br>c/o Amy Galvin Grogan<br>Grogan Hesse & Uditsky, P.C.<br>Two Mid America Plaza, Suite 110<br>Oak Brook Terrace, IL 60181 | Relevance, duplication, and the parol evidence rule. |

Defendants plan to call the following witnesses at trial:

| Witness | Objection by Plaintiff |
|---|---|
| Dr. Howard Cooper | |
| Rachel M. Richards<br>Gruber and Associates, P.A.<br>2400 E. Commercial Blvd., Suite 1<br>Fort Lauderdale, FL 33308 | Witness not disclosed under Rule 26(a)(1) or in discovery. |

3

e. The parties have not disclosed expert witnesses, but each party reserves the right to do so within a time set by the Court for expert disclosures.

f. Attached as Schedule C, a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto.

g. An itemized statement of damages:

| Damages Basis | Amount |
|---|---|
| Compensatory Damages | $1,204,357.10 |
| Punitive Damages | $1 million |
| TOTAL | At least $2,204,357.10 |

h. The parties request a schedule for submitting proposed jury instructions, verdict forms, special interrogatories, and a list of the questions the party requests the court to ask prospective jurors in accordance with Rule 47(a).

i. Fact discovery closed for all parties on June 18, 2021. Dkt. 52; Dkt. 53. The parties have not proposed, and this Court has not ordered, a deadline for the close of expert discovery. Plaintiff has not decided but anticipates not calling an expert in his case-in-chief. Defendants plan to call an expert on the value of the dental practice at the time Larry sold it to Howard as compared to the value of the dental practice Howard created and sold in 2019.

4

j.     Subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of intended motions *in limine*: Plaintiff plans to file a motion excluding all evidence and testimony concerning taxes paid by Plaintiff's dental practice prior to sale to Defendant Howard Cooper, all associated tax returns filed, and any estimate of the value of Plaintiff's dental practice that does not assess value by assessing the discounted value of expected future cash flows. Plaintiff also plans to file a motion excluding all evidence of any alleged change in value of the dental practice subsequent to the sale to Defendant Howard Cooper. Defendants plan to file motions excluding all evidence and testimony concerning (i) the claim that the dental practice Larry sold to Howard in 2010 was worth more than the $180k purchase price agreed upon in the Asset Purchase Agreement, dated November 1, 2010, where Larry lacks the competence and qualifications to give an expert opinion on this subject; (ii) the claim for breach of the implied duty of good faith in Count 3 where there is no such cause of action under Illinois law, Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1443 (7th Cir. 1992); (iii) Larry's assertion that Howard made unauthorized withdrawals from practice funds and that is why Larry wanted to sell the practice (relevance, prejudice); (iv) Larry's assertions that Howard was an irresponsible spendthrift (relevance, prejudice); (v) Larry's assertion that Howard turned down three offers to buy 50% of the

practice because he didn't want the responsibility of paying Larry (relevance, prejudice); (vi) punitive damages when there are no factual allegations in the Amended Complaint to support a claim for promissory fraud under Illinois, and allege only a disguised claim for breach of contract, *Avery v. State Farm,* 216 Ill. 2d 100, 169 (2005), and no allegations of conduct required to support punitive damages under Illinois law, *AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990) (quoting *Home Savings & Loan Ass'n. v. Schneider*, 108 Ill. 2d 277, 284 (1985); *Parsons v. Winter*, 142 Ill. App. 3d 354, 361 (1st Dist. 1986).

k.     Plaintiff will not pursue his claim for damages for breach of contract caused by Defendant Howard I. Cooper's alleged failure to pay the dental practices outstanding taxes and liabilities for the tax year 2010, nor for Defendant's alleged failure to pay premiums on certain life insurance policies as they came due. (*See* Dkt. 30 ¶¶ 52-56.) Plaintiff also will not pursue claims for attorneys' fees and expenses. Defendant will not pursue his affirmative defense of failure to mitigate damages.

(3)     Trial of this case is expected to take three days, including jury selection. It will be listed on the trial calendar, to be tried when reached.

(4)     Both parties demand a jury trial.

(5)     Consistent with Rule 48(a), the parties recommend that 6 jurors be selected at the commencement of the trial.

(6)     The parties do not agree that the issues of liability and damages should be bifurcated for trial.

(7)     The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8)     This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

(9)     Possibility of settlement of this case was considered by the parties.

ENTER:

_____
Judge Charles R. Norgle
Northern District of Illinois

DATED: October 19, 2021

_s/ Shelley Smith_____
Glenn L. Udell
Shelley Smith
BROWN, UDELL, POMERANTZ
   & DELRAHIM, LTD.
225 W. Illinois Street, Suite 300
Chicago, Illinois 60654
(312) 475-9900
gudell@bupdlaw.com
ssmith@bupdlaw.com

*Attorney for Defendants*
   *Dr. Howard I. Cooper and*
   *Excellence in Dentistry Ltd.*

_s/ Paul H. Tzur_____
Paul H. Tzur
Andrew H. Schrag
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776–2558
ptzur@blankrome.com
aschrag@blankrome.com

*Attorney for Plaintiff*
   *Dr. Lawrence Cooper*

## SCHEDULE A

*Stipulation of Uncontested Facts*

Larry and Howard, both dentists, are father and son. From 1991 to 2010, Howard worked as a dentist for his father Larry at Larry's dental practice in the Chicago suburbs. Larry decided to leave his dental practice at the end of 2010, and Howard agreed to buy it from him.

To memorialize the terms of the sale of the dental practice, Larry's dental practice corporation, Dr. Cooper 2-Gentle Dental Associates, Ltd., and Howard entered into an Asset Purchase Agreement dated November 1, 2010. Larry was and at all subsequent times had been the sole shareholder of Dr. Cooper 2-Gentle Associates, Ltd. Under the Asset Purchase Agreement, Larry did not sell Howard any of his ownership shares in Dr. Cooper 2-Gentle Associates, Ltd., and did not sell Howard the right to use the name of Larry's dental practice, Dr. Cooper 2-Gentle Associates, Ltd.

Among other provisions, the Asset Purchase Agreement stated that Howard would pay Larry a purchase price of $180,000, paid in twenty-four equal monthly installments. The Asset Purchase Agreement also contained a provision stating:

> In the event that Purchaser sells or merges the dental practice or sells the assets separately where the assets sold are not replaced with an asset of equal value prior to January 2, 2024, Seller shall be entitled to receive fifty (50%) percent of the net sale price.

On November 3, 2010, Howard formed Excellence in Dentistry, Ltd. to conduct his dental practice. Howard was and at all subsequent times has been the sole shareholder of Excellence in Dentistry, Ltd.

The sale of the dental practice from Larry to Howard pursuant to the Asset Purchase Agreement closed on January 1, 2011.

Howard operated his dental practice through Excellence in Dentistry for the next eight years. He made payments to Larry under the Asset Purchase Agreement using Excellence in Dentistry checks.

On April 22, 2019, Howard and Excellence in Dentistry entered into an Asset Purchase Agreement with Zieba Dentistry Gurnee, Ltd. ("Zieba"), to sell "substantially all of the assets" but not all of the assets of Howard's dental practice to Zieba. Among other provisions, this Asset Purchase Agreement stated that Zieba would pay Excellence in Dentistry $2.4 million, with $1.6 million paid in cash at closing and $800,000 paid in the form of a promissory note.

The sale to Zieba closed on April 22, 2019, and Zieba made all required payments to Defendants at closing. The $800,000 promissory note was made payable from Zieba to Howard and bore a maturity date of April 22, 2021, and an interest rate of 5.0%. Zieba fully paid off the promissory note, including interest, on or about April 22, 2021.

Howard has not paid Larry anything from the proceeds of the sale to Zieba.

## SCHEDULE B

### *Exhibit Lists*

(1)     The following exhibits were offered by Plaintiff and marked for identification:

| Plaintiff Exhibit Number | Description |
|---|---|
| 1 | November 1, 2010 Asset Purchase Agreement |
| 2 | November 3, 2010 Illinois Secretary of State Correspondence (H_COOPER000279-281) |
| 3 | November 5, 2010 Actions of Sole Shareholder (H_COOPER000282-83) |
| 4 | December 27, 2010 Credit Card Signature Card (CHASE000001) |
| 5 | January 1, 2011 Bill of Sale (H_COOPER000390) |
| 6 | April 22, 2019 Combined Final Closing Statement (H_COOPER000032) |
| 7 | April 22, 2019 Asset Purchase Agreement (H_COOPER000006-0158) |
| 8 | April 22, 2019 Subordinated Promissory Note (H_COOPER000001-05) |
| 9 | July 9, 2010 Email Chain (L_COOPER000340) |
| 10 | August 2, 2010 Email Chain (L_COOPER000312-13) |
| 11 | August 3, 2010 Email from L. Cooper (L_COOPER000304) |
| 12 | August 4, 2010 Email Chain (L_COOPER000322-23) |
| 13 | August 4, 2010 Email from L. Cooper (L_COOPER000334) |
| 14 | October 12, 2010 Email from L. Cooper and Attachment (L_COOPER000295-99) |
| 15 | April 1, 2012 Email from L. Cooper (L_COOPER000032) |
| 16 | October 28, 2013 Email from L. Cooper (L_COOPER000349-350) |
| 17 | Excellence in Dentistry, Ltd. 2012 Tax Form 4562 (H_COOPER000292) |
| 18 | March 5, 2012 H. Cooper Email (H_COOPER000376) |
| 19 | October 23, 2013 Email Chain (L_COOPER000010) |
| 20 | January 2015 Checking Account Statement (CHASE001305-08) |
| 21 | February 2015 Checking Account Statement (CHASE001314-17) |
| 22 | February 2015 Checking Account Statement (CHASE004012-19) |

| Plaintiff Exhibit Number | Description |
|---|---|
| 23 | March 2015 Checking Account Statement (CHASE000208-211) |
| 24 | May 2015 Checking Account Statement (CHASE001343-48) |
| 25 | October 2016 Credit Card Statement (CHASE004749-752) |
| 26 | November 2016 Credit Card Statement (CHASE004753-56) |
| 27 | June 2018 Credit Card Statement (CHASE004831-34) |
| 28 | May 2019 Checking Account Statement (CHASE001645-654) |
| 29 | May 2019 Savings Account Statement (H_COOPER000419-420) |
| 30 | April 2021 Checking Account Statement (H_COOPER000411-13) |
| 31 | April 2021 Savings Account Statement (H_COOPER000415-16) |
|  | All Exhibits Designated by Defendants |

(2)     The following exhibits were offered by Defendants and marked for identification:

| Defendant Exhibit Number | Description |
|---|---|
| 1. | Plaintiff's Complaint |
| 2. | Plaintiff's Amended Complaint |
| 3. | November 1, 2010 Asset Purchase Agreement between Dr. Cooper 2-Gentle Dental Associates, Ltd. and Howard I. Cooper, D.D.S. |
| 4. | Bill of Sale from Howard to EID, dated 1/1/11 (H_COOPER000390) |
| 5. | 2008 Federal and State Tax Returns for Gentle Dental Associates, Ltd., dated with transmittal emails, dated November 17, 2010, from Ted Jonavic to Larry and from Larry to Howard (L_COOPER000216-248) |
| 6. | 2009 Federal Tax Return for Gentle Dental Associates, Ltd., dated 12/2/10 (L_COOPER000258-290) |

| Defendant Exhibit Number | Description |
|---|---|
| 7. | 2009 State Tax Return for Gentle Dental Associates, Ltd., dated 12/2/10 (L_COOPER000364-389) |
| 8. | 2010 Federal Tax Return for Gentle Dental Associates, Ltd., dated 4/11/12 (H_COOPER000361-371) |
| 9. | 2010 Federal and State Tax Returns for EID, dated 4/9/11 (H_COOPER000337-354) |
| 10. | 2011 Federal and State Tax Returns for EID, dated 8/5/13 (H_COOPER000300-327) |
| 11. | Castleton Capital Equipment Finance Agreement for Benco Dental and Darby Dental equipment, dated 01/10/2011 (H_COOPER000728-733) |
| 12. | Financial Pacific Leasing, LLC re Addendum for Equipment Finance Agreement, dated 1/17/2011 (H_COOPER |
| 13. | EID Transaction Report January-December 2011 Due to Dr. Lawrence Cooper (H_COOPER000671-679) |
| 14. | 2012 Federal Tax Return for EID, dated 8/5/13 (H_COOPER000285-299) |
| 15. | 2013 Federal and State Tax Returns for EID,  10/14/14 (H_COOPER000506-525) |
| 16. | Patterson Companies, Inc. transmittal letter to Howard and EID with attached Installment Sale Contract – Security Agreement, dated April 1, 2013 (H_COOPER000424-425) |
| 17. | Patterson Companies, Inc. transmittal letter to Howard and EID with attached Installment Sale Contract – Security Agreement, dated June 5, 2013 (H_COOPER000426-427) |
| 18. | Patterson Companies, Inc. Invoice #1758267, dated April 1, 2013 and Invoice #1761226, dated June 5, 2013 (H_COOPER000428) |
| 19. | 2014 Federal Tax Return for EID, dated 6/18/15 (H_COOPER000526-537) |
| 20. | EID Chase Credit Card Statement, Acct. 9339, due date 03/11/14 (H_COOPER000712-715) |
| 21. | Patterson Dental Customer Order to EID, Approx. Install Date: 3/20/14 (H_COOPER000716-721) |

| Defendant Exhibit Number | Description |
|---|---|
| 22. | Standard Bank and Trust Co. Loan Documents for Loan No. 2014000354 of $500,000.00 to EID, dated April 2, 2014 (H_COOPER000470-486). |
| 23. | ACOA LTD. Revised Const. Estimate for the New Dental Office Interior Build-Out, dated Sept. 12, 2014 (H_COOPER000709-711) |
| 24. | Apple Store receipts, dated 12/16/14 and 12/31/14 (H_COOPER000667-668) |
| 25. | EID check to Patterson Dental, dated 12/22/14 and EID check to Health Systems, LLC, dated 12/17/14 (H_COOPER000669) |
| 26. | 2015 Federal Tax Return for EID, dated March 2, 2016 (H_COOPER000609-635) |
| 27. | 2015 Depreciation Schedule for EID, dated March 2, 2016 (H_COOPER000663-664) |
| 28. | 2015 Amended Federal Tax Return for EID, dated October 16, 2016 (H_COOPER000636-662) |
| 29. | 2015 Depreciation Schedule for EID, dated March 15, 2021 (H_COOPER000665-666) |
| 30. | Patterson Dental Supply, Inc. Installment Sales Contract – Security Agreement with EID, dated January 13, 2015 (H_COOPER000446-453) |
| 31. | Patterson Dental Supply, Inc. Installment Sales Contract – Security Agreement with EID, dated March 16, 2015 (H_COOPER000454-465) |
| 32. | Patterson Dental Supply, Inc. Installment Sales Contract – Security Agreement with EID, dated March 20, 2015 (H_COOPER000466-469) |
| 33. | Patterson Companies, Inc. letter to Howard for EID re Installment Sales Contract effective 3/30/15, with attachments for accountant for FYE 2015 (H_COOPER000736-751) |
| 34. | ACOA LTD. Addendum to Estimate dated October 28th, 2014, dated May 12, 2015 (H_COOPER000702-705) |
| 35. | EID Standard Bank statements for period 8/1/15 – 8/31/15 (H_COOPER000804-811) |
| 36. | ACOA Ltd. Invoice for New Dental Office Interior Build-Out, dated October 5, 2015 (H_COOPER000422) |
| 37. | ACOA Ltd. Invoice for New Dental Office Interior Build-Out, dated October 21, 2015 (H_COOPER000423) |

| Defendant Exhibit Number | Description |
|---|---|
| 38. | Patterson Equipment Finance transmittal email to Howard, dated October 14, 2021, attaching paid off contracts and amortization schedules for two contracts in 2013 and three contracts in 2015 (H_COOPER000487-504) |
| 39. | 2016 Federal Tax Return for EID, dated 1/17/18 (H_COOPER000538-559) |
| 40. | EID Depreciation Schedule FYE: 12/31/2016, dated 08/02/2017 (H_COOPER000692) |
| 41. | EID Standard Bank statements for period 1/1/16 – 1/29/16 (H_COOPER000797-803) |
| 42. | ACOA Ltd. Addendum to Estimate of 10/ 28/14 for New Dental Office Interior Build-Out re Private Office Desk, dated June 7, 2016 (H_COOPER000421) |
| 43. | 2017 Federal Tax Return for EID, dated 9/11/18 (H_COOPER000560-582) |
| 44. | EID Depreciation Schedule FYE: 12/31/2017, dated 04/15/2018 (H_COOPER000695) |
| 45. | 2018 Federal Tax Return for EID, dated 5/12/20 (H_COOPER000583-608) |
| 46. | EID Depreciation Schedule for FYE: 12/31/2018, dated 10/13/2019 (H_COOPER000698-699) |
| 47. | Prismatik Sales Agreement with EID, dated May 5, 2018 (H_COOPER000429-431) |
| 48. | Prismatik Distributor Sales Agreement with EID, dated May 5, 2018 (H_COOPER000432-445) |
| 49. | Glidewell Direct, a Division of Prismatik Dentalcraft, Inc. Order, dated May 7, 2018 (H_COOPER000670) |
| 50. | 2019 Federal Tax for EID, dated 4/30/21 (H_COOPER000761-796) |
| 51. | EID Depreciation Schedules FYE2014- 2019, dated 3/15/2021 (H_COOPER000685, 688-691, 693-694, 696-697, 700-701) |
| 52. | EID Asset Amortization Schedule (H_COOPER000722-727) |
| 53. | EID Transaction Report for payments to Dr. Lawrence Cooper, dated 3/15/2021 (H_COOPER000758) |

| Defendant Exhibit Number | Description |
|---|---|
| 54. | Asset Purchase Agreement with Zieba Dentistry, dated 4/22/19 (H_COOPER000006-137) |
| 55. | Emails between Larry and Jerry Pressman, dated 12/6/10 (L_COOPER000252) |
| 56. | Email from Larry to Howard, dated 1/7/11 (L_COOPER000300) |
| 57. | Emails between Larry, Theodore Jonavic and Roger Scalise, dated 1/17/11 (L_COOPER000291-292) |
| 58. | "Change of Autopay Information" signed by Larry on 1/29/11 to Chase Bank with EID check marked "VOID" (H_COOPER000387-389) |
| 59. | Email from Howard to Larry, dated 3/5/12 (L_COOPER000171) |
| 60. | Emails between Larry and Howard, dated 4/11/12 (H_COOPER000378) |
| 61. | Email from Howard to Larry, dated 11/9/12 (H_COOPER000381) |
| 62. | Emails between Larry and Theodore Jonavic, dated 1/10/13-1/11/13 (L_COOPER000337-339) |
| 63. | Emails between Larry and Howard, dated 10/20/13, 10/23/13 (H_COOPER000383) |
| 64. | Emails between Larry and Howard, dated 11/13/13 (H_COOPER000386) |

The parties each reserve the right to object to all exhibits identified above, and agree that such objections should be filed before jury selection.

## SCHEDULE C

*Deposition Designations*

Plaintiff designates the following deposition excerpts:

## Deposition of Dr. Howard I. Cooper

| Page and Line | Objections |
|---|---|
| Page 35, Line 15 to Page 36, Line 6 | |
| Page 38, Line 6 to Page 39, Line 12. | |
| Page 40, Line 14 to Page 41, Line 23. | |
| Page 43, Line 3 to Page 43, Line 12. | |
| Page 45, Line 16 to Page 46, Line 7. | |
| Page 50, Line 19 to Page 51, Line 21. | |
| Page 53, Line 15 to Page 53, Line 21. | |
| Page 59, Line 3 to Page 59, Line 12. | |
| Page 67, Line 15 to Page 69, Line 1 | |
| Page 74, Line 8 to Page 74, Line 16. | |
| Page 85, Line 7 to Page 85, Line 21. | |
| Page 96, Line 4 to Page 96, Line 20. | |
| Page 100, Line 23 to Page 104, Line 14. | |
| Page 104, Line 19 to Page 106, Line 12. | |
| Page 114, Line 3 to Page 117, Line 10. | |

Defendants designate the following deposition excerpts:

## Deposition of Dr. Lawrence Cooper

| Page and Line | Objections |
|---|---|
| Page 6, Line 4 to Line 23 | |
| Page 14, Line 23 to Page 15, Line 21 | |
| Page 18, Line 6 to Page 19, Line 14 | |
| Page 21, Line 17 to Line 22 | |

| | |
|---|---|
| Page 26, Line 1 to Line 15 | |
| Page 30, Line 11 to Line 14 | |
| Page 32, Line 7 to Page 33, Line 2 | |
| Page 59, Line 5 to Line 22 | |
| Page 70, Line 8 to Line 19 | |
| Page 87, Line 1 to Page 88, Line 18 | |
| Page 93, Line 21 to Page 95, Line 15 | |
| Page 95, Line 16 to Page 99, Line 20 | |
| Page 100, Line 6 to Page 101, Line 3 | |
| Page 6, Line 4 to Line 23 | |

The parties each reserve the right to object to all deposition designations identified above, and agree that such objections should be filed before jury selection.

126975215v.8